Matter of Galatro v Slomins, Inc. (2019 NY Slip Op 53955)





Matter of Galatro v Slomins, Inc.


2019 NY Slip Op 53955


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

528665

[*1]In the Matter of the Claim of Edward Galatro, Appellant,
v
Slomins, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Fusco Brandenstein & Rada, Woodbury (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Peter M. DeCurtis of counsel), for Slomins, Inc. and others, respondents.

Stewart, Greenblatt, Manning & Baez, Syosset (Peter M. DeCurtis of counsel), for Slomins, Inc. and others, respondents.



Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 10, 2018, which disallowed claimant's request to amend his workers' compensation claim to include a consequential injury, and (2) from a decision of said Board, filed October 29, 2018, which denied claimant's request for reconsideration and/or full Board review.
Claimant suffered a work-related injury to his left knee in March 2013 and underwent surgery on the knee in June 2013. Upon awakening in the recovery room after surgery, claimant complained of severe chest pain and was found to have an obstruction of his left anterior descending coronary artery and he underwent a cardiac stent procedure. In December 2013, his claim for workers' compensation benefits for his knee was established, but the Workers' Compensation Law Judge (hereinafter WCLJ) found no prima facie evidence regarding his claim for consequential injuries to his heart and chest. The following month, in January 2014, claimant visited his cardiologist regarding chest pain and, after an angiogram, claimant underwent an additional cardiac stent procedure. Claimant's January 2014 episode was diagnosed as acute coronary syndrome (unstable angina).
In February 2015, claimant obtained an independent medical examination (hereinafter IME) by physician Lester Ploss. Ploss reported that claimant experienced a myocardial infarction immediately following the knee surgery and opined that the myocardial infarction, as well as the January 2014 episode of coronary insufficiency and chronic angina, were the consequence of claimant's compensable left knee injury. The WCLJ thereafter found prima facie evidence of causally-related consequential myocardial infarction, coronary insufficiency and angina. The employer's workers' compensation carrier raised objections, including that Ploss' IME report should be precluded for violating Workers' Compensation Law § 137. Following deposition testimony of Ploss and the carrier's independent medical examiner — who, after examining claimant and reviewing his medical records, opined that claimant did not suffer a myocardial infarction, does not have coronary deficiency and his angina is not related to his employment — the WCLJ found that claimant suffered causally-related consequential myocardial infarction, but found no consequential nexus between the work-related accident and the coronary insufficiencies or angina and disallowed the claims related to those conditions. The WCLJ did not address the alleged violation of Workers' Compensation Law § 137. On administrative appeal, the Workers' Compensation Board found, in a decision filed June 8, 2016 and in an amended decision filed August 28, 2017, that Ploss had not complied with the requirements of Workers' Compensation Law § 137 and consequently precluded his IME report and testimony.[FN1] Based upon the preclusion of Ploss' report and testimony, the Board found that claimant had not presented any medical evidence supporting causally-related consequential injuries, and, after crediting the opinion of the carrier's medical expert, the Board disallowed the claim and indicated that no further direction was planned at that time.
Claimant did not appeal the Board's decision or amended decision. Rather, he submitted a request for further action based upon a new IME report from Ploss, who reexamined claimant in October 2017 and again found causally-related consequential myocardial infarction, coronary insufficiency and angina. Following a hearing, a WCLJ denied the request, finding that the claim for causally-related consequential myocardial infarction had already been litigated and disallowed in the Board's prior decision. On administrative appeal, the Board affirmed the WCLJ's decision. Claimant sought reconsideration and/or full Board review, and the Board denied the application. Claimant appeals from both decisions.
Claimant contends that the Board erred in denying his request for further action without considering Ploss' 2017 IME report on the ground that the claim had already been litigated and disallowed. We agree. By disallowing the claim in its prior decision based upon the record as it existed after the preclusion of Ploss' 2015 IME report, and declaring that no further direction was planned at the time, the Board did not deny the claim outright (see Matter of Nock v New York City Dept. of Educ., 160 AD3d 1238, 1239 [2018]). As such, the Board's prior decision did not preclude claimant from submitting further medical evidence of causally-related consequential injuries (see Workers' Compensation Law § 123; Matter of Villagra v Sunrise Senior Living Mgt., 168 AD3d 1199, 1201 n [2019]; Matter of Nock v New York City Dept. of Educ., 160 AD3d at 1239; compare 12 NYCRR 300.38 [g] [3] [ii]). Accordingly, the Board's decision that the claim for causally-related consequential injuries was already litigated and that claimant could not submit further medical evidence in support thereof was in error, as was its decision denying reconsideration, and they must be reversed.
Egan Jr., J.P., Devine and Aarons, JJ., concur.
ORDERED that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The Board precluded the report and testimony because Ploss failed to properly serve his report on claimant's treating physicians and did not provide the Board with all the information he reviewed in connection with the IME (see Workers' Compensation Law § 137 [1]; 12 NYCRR 300.2 [d] [3]).